IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTINY L. DRAKE,<br><br>    Plaintiff,<br><br>vs.<br><br>VIMESH 2012 INC and<br>THE W. W. FOWLER FAMILY<br>LIMITED PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE No. _____ |

## COMPLAINT

COMES NOW, DESTINY L. DRAKE, by and through the undersigned counsel, and files this, her Complaint against Defendants VIMESH 2012 INC and THE W. W. FOWLER FAMILY LIMITED PARTNERSHIP pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff DESTINY L. DRAKE (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Mableton, Georgia (Cobb County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant VIMESH 2012 INC (hereinafter "Vimesh") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

7. Vimesh operates a business located at 152 Riverside Parkway, Austell, Georgia 30168, doing business as "Rana Texaco." (Upon information and good faith belief, Vimesh also does business as "Austell Citgo").

8. Vimesh may be properly served with process via its registered agent for service, to wit: Ismailbhai Ghanchi, 152 Riverside Parkway, Austell, Georgia 30168.

9. Vimesh is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements

situated upon such real property shall be referenced herein as the "Facility").

10. Defendant THE W. W. FOWLER FAMILY LIMITED PARTNERSHIP (hereinafter "W. W. Fowler") is a Georgia limited partnership that transacts business in the state of Georgia and within this judicial district.

11. W. W. Fowler is the owner or co-owner of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

12. W. W. Fowler may be properly served with process via its registered agent for service, to wit: Welton (W. W.) Fowler, 5300 Dukes Road, Douglasville, Georgia 30154.

## FACTUAL ALLEGATIONS

13. On or about December 15, 2018, Plaintiff was a customer at Rana Texaco.

14. Plaintiff lives in the near vicinity of the Facility and Property.

15. Plaintiff's access to the business(es) located at 152 Riverside Parkway, Austell, Georgia 30168, Cobb County Property Appraiser's parcel number 18060500050, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to

remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

17. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

20. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

21. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22. The Facility is a public accommodation and service establishment.

23. The Property is a public accommodation and service establishment.

24. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

26. The Facility must be, but is not, in compliance with the ADA and ADAAG.

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA

violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendants have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

32.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i)    There are no disabled accessible parking spaces on the Property, in violation of section 208.2 of the 2010 ADAAG standards.

(ii)   Due to a barrier present at the accessible entrance of the Facility, the Property lacks at least one accessible route provided from the public streets and sidewalks, in violation of section 206.2.1 of the 2010 ADAAG standards. Specifically, entering the Facility requires traversing a raised concrete sidewalk with no ramped access provided.

(iii)  The interior of the Facility has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(iv)   The accessible route to the restroom in the Facility has walking

7

surfaces lacking a 36 (thirty-six) inch clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

**(b)  RESTROOMS:**

(i)  The doors to the restrooms of the Facility lack permissible minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(ii)  The restrooms in the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iii)  The doors to the restrooms in the Facility have a minimum clear width less than 32 (thirty-two) inches, in violation of section 404.2.3 of the 2010 ADAAG standards.

(iv)  The restrooms in the Facility have sinks that provide for inadequate knee and toe clearance, in violation of sections 306 and 606 of the 2010 ADAAG standards.

(v)  The hardware on the faucets in the restrooms in the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(vi)  The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms of the Facility are not located on the open side of the accessible stalls, in violation of

      section 604.6 of the 2010 ADAAG standards.

(vii)   There are no grab bars/handrails adjacent to the commodes in the restrooms in the Facility, in violation of sections 604.5 and 609.4 of the 2010 ADAAG standards.

33.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

34.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

35.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.   All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

37.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

38.   Upon information and good faith belief, the removal of the physical

barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

39. Upon information and good faith belief, the Facility and Property have been altered since 2010.

40. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

42. Plaintiff's requested relief serves the public interest.

43. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

44. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

45. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the

Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)   That the Court find VIMESH 2012 INC in violation of the ADA and ADAAG;

(b)   That the Court find THE W. W. FOWLER FAMILY LIMITED PARTNERSHIP in violation of the ADA and ADAAG;

(c)   That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)   That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(e)   That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)   That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 11, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240

The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich